UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID KLUCKA,<br><br>                                      Plaintiff,<br>    v.<br>CAESAR ALMASE, et al.,<br><br>                                  Defendants. | Case No. 2:15-cv-01658-RFB-PAL<br><br>**ORDER**<br><br>(Mot. File Ext. Compl. – Dkt. #2)<br>(Mot. Appoint – Dkt. #3) |

This matter is before the Court on Plaintiff David Klucka's Motion to File Extended Complaint (Dkt. #2) and Motion to Appoint Someone to Serve Documents (Dkt. #3) filed August 27, 2015. These motions were referred to the undersigned pursuant to 28 U.S.C. § 636(a) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

Plaintiff is a prisoner proceeding in this action *pro se*. *See* LSR 2-1. Plaintiff has requested authority to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 and submitted a complaint. *See* IFP Application (Dkt. #1); Complaint (Dkt. #1-1). However, the Court denied Plaintiff's request without prejudice because his IFP Application was incomplete. *See* Order (Dkt. #4). The Court therefore instructed Plaintiff to submit a new IFP application on or before October 21, 2015.

**I.     MOTION TO FILE EXTENDED COMPLAINT (DKT. #2)**

Plaintiff has filed two motions related to his complaint. First, the Motion to File Extended Complaint (Dkt. #2) asks the Court for leave to submit a "longer than normal" complaint. LSR 2-1 states that a "civil rights complaint filed by a person who is not represented by counsel shall be *on the form provided by this Court*." *Id*. (emphasis added). Plaintiff asserts that the Court's form complaint does not have enough space to provide his information. The Court's analysis of this request is guided by Rule 8 of the Federal Rules of Civil Procedure.

1

1  Rule 8 requires that a complaint contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must set forth who is being sued, what relief is requested, on what grounds, and with enough detail to guide discovery. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that Rule 8 requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" but it does *not* require detailed factual allegations) (citation omitted). Stated differently, a plaintiff must summarize enough specific facts so that the complaint gives defendants "fair notice" of the basis for plaintiff's claim. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (holding that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

A complaint that is needlessly long or very repetitive violates Rule 8. *Cafasso v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011); *see also Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another."); *Jennings v. Entry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint must be presented with clarity sufficient to avoid requiring a district court or opposing party to sift through its pages in search of plaintiff's claim); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper.").

Here, Plaintiff's Motion to File Extended Complaint (Dkt. #2) is essentially asking for an exemption from LSR 2-1's requirement that all *pro se* litigants file their civil rights complaint on the Court's approved form. Although Plaintiff states that there is not enough space on the Court's form to provide his information, the nine-page form complaint provides ample space for plaintiffs to plead violations of their civil rights. In addition, if Plaintiff requires extra space, the instructions for the civil rights complaint form state that he is allowed to attach up to two (2) additional pages. *See* INFORMATION & INSTRUCTIONS FOR FILING CIVIL RIGHTS COMPLAINT

PURSUANT TO 42 U.S.C. § 1983 IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA at 6.[1]  Eleven pages provide more than enough space to state claims under Rule 8(a).

Plaintiff's proposed complaint does not comply with Rule 8.  The complaint consists of 143 pages of allegations and exhibits, including transcripts of state court proceedings and motions filed therein, selected statutes, and police reports.  Ordinarily, exhibits should not be submitted as part of a complaint.  *Id*. at 2.  Instead, the information Plaintiff believes to be relevant should be summarized as part of the supporting facts for the applicable count.  Plaintiff may use his exhibits at a later time to support or oppose a motion to dismiss or a motion for summary judgment.  Because the complaint is excessively long and needlessly repetitive and includes unnecessary exhibits, Plaintiff's Motion to File an Extended Complaint is denied.

**II.     MOTION TO APPOINT SOMEONE TO SERVE DOCUMENTS (DKT. #3)**

In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1).  The district court will therefore issue an order stating an amount the prisoner will need to pay as an initial partial filing fee based on a formula provided in the statute.  *Id*.  A prisoner's initial partial filing fee is the greater of twenty percent (20%) of the average monthly deposits or twenty percent (20%) of the average monthly balance of his or her inmate account for the six months immediately preceding the start of the action.  *See id.*  After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account to the court each month.  *See* 28 U.S.C. § 1915(b)(2).  Plaintiff is advised that even if this action is dismissed, he must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from Plaintiff's inmate account will continue until the balance is paid.  A prisoner's failure to pay the initial partial filing fee before the deadline stated in the court's order, which typically allow 30 days, "shall be cause for cause for dismissal of the case." LSR 1-3(c).

The Court will not order service of process on any defendants until two things happen: (1) the prisoner pays his or her initial partial filing fee, and (2) the Court screens the complaint

---

[1] The Court will direct the Clerk of the Court to mail Plaintiff the referenced instructions, which are also available on the Court's website at http://www.nvd.uscourts.gov/Files/1983-instructions.pdf (last visited Aug. 27, 2015), along with a blank civil rights complaint form.

and determines that it states valid claims. *Cf.* LSR 1-3(c) (requiring that a prisoner's initial partial filing fee be paid "*before* the Court will order service of process") (emphasis added). Once a prisoner pays the initial partial filing fee, federal law requires the district court to screen the prisoner's complaint. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to all *in forma pauperis* complaints"). If a prisoner's complaint states a valid claim, the Court will direct the Clerk of the Court to issue summons to the defendants and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c).

Plaintiff's Motion to Appoint Someone to Serve Documents (Dkt. #3) asks the Court to appoint a person or persons to make copies, serve summons, complaints, motions, subpoenas, as well as any and all documents on defendants. This Motion is premature. The Court will direct service after Plaintiff submits his initial partial filing fee and the Court screens the complaint, provided the complaint states valid claims upon which relief may be granted. However, even if the Court grants Plaintiff IFP status, that does not waive his "responsibility to pay the expenses of litigation which are not covered by 28 U.S.C. § 1915." LR 1-8. IFP status does not extend to issuing or serving of subpoenas, making copies, serving documents at the government's expense. Plaintiff is solely responsible for the other litigation expenses and tasks he identifies. Therefore, Plaintiff's motion is denied.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion to File Extended Complaint (Dkt. #2) is DENIED.
2. Plaintiff's Motion to Appoint Someone to Serve Documents (Dkt. #3) is DENIED as premature.
3. The Clerk of the Court is instructed to mail Plaintiff a copy of the Information and Instructions for Filing Civil Rights Complaint referenced herein along with a blank civil rights complaint form.
4. Plaintiff shall have until **October 21, 2015** to submit the fully completed IFP application as previously ordered.

4

5. Plaintiff shall have until **October 21, 2015** to submit a complaint that complies with Rule 8 on the court's standard civil rights form.

6. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

Dated this 21st day of September, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE