UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID KLUCKA,<br><br>                                 Plaintiff,<br>     v.<br>CAESAR ALMASE, et al.,<br><br>                               Defendants. | Case No. 2:15-cv-01658-RFB-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Amended Complaint – Dkt. #8) |

       This matter is before the Court on a review of Plaintiff David Klucka's Amended Complaint (Dkt. #1). This proceeding is referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

       Mr. Klucka is an inmate in the custody of the Clark County Detention Center who is proceeding in this action *pro se*. In a separate order on today's date, the Court granted Mr. Klucka's request to proceed in this case *in forma pauperis*, ("IFP"). The Court will now screen Mr. Klucka's Amended Complaint (Dkt. #8).

       After granting a prisoner's request to proceed IFP, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear

1

from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question the truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under §§ 1915 and 1915A is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

In this case, Plaintiff brings claims under 42 U.S.C. § 1983 arising from the actions of his court-appointed criminal defense attorney, Caesar Almase. *See* Am. Compl. (Dkt. #8). Mr.

Klucka also names as defendants John Doe #1 and John Doe # 2, who are alleged to be Defendant Almase's malpractice insurance and homeowner's insurance providers. However, the Amended Complaint provides no other details or allegations regarding these two persons or entities. Plaintiff alleges that Defendant Almase violated his Sixth Amendment right to counsel by destroying evidence in his criminal case, aiding individuals who committed crimes against Mr. Klucka. Almase is also alleged to have refused to do anything to relieve Mr. Klucka of his suffering or hardship, among other things. Each of Mr. Klucka's allegations against Defendant Almase involves actions taken by Almase in his capacity as Mr. Klucka's court-appointed criminal defense attorney. Based on these allegations, Mr. Klucka cannot state a valid Section 1983 claim against Defendant Almase.

The Supreme Court has concluded that when public defenders are acting in their role as advocate, they are not acting under color of state law for purposes of § 1983. *See, e.g.*, *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992) (en banc); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor). In *Polk County*, the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. at 325. The Court reasoned that a public defender does not act under color of state law when representing an indigent defendant in a state criminal proceeding for purposes of § 1983 because he or she is "not acting on behalf of the State; he is the State's adversary." *Id.* at 323 n.13; *see also West v. Atkins*, 487 U.S. 42, 50 (1988) (discussing *Polk*). Furthermore, their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Brillon*, 556 U.S. at 91; *Polk Cnty.*, 454 U.S. at 321.

Here, Defendant Almase is not a state actor for the purposes of Mr. Klucka's § 1983 claim. Mr. Klucka's allegations demonstrate that Defendant Almase was performing a lawyer's traditional functions as counsel to Mr. Klucka in his criminal proceeding. *See* Am. Compl. (Dkt.

#8). Thus, Defendant Almase was not acting under the color of state law, and Mr. Klucka cannot state a claim against him under § 1983.

Mr. Klucka also asserts that Almase violated his 6th Amendment right to effective assistance of counsel. A federal claim for ineffective assistance of counsel is properly raised in a petition for writ of habeas corpus, after conviction following exhaustion of applicable state remedies, *see* 28 U.S.C. § 2254, not in a civil rights action under 42 U.S.C. § 1983.

The Court finds that the Amended Complaint is frivolous and fails to state a claim upon which relief may be granted. The undersigned therefore recommends that this case be dismissed with prejudice because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

Accordingly,

**IT IS RECOMMENDED**:

1. Plaintiff David Klucka's Amended Complaint (Dkt. #8) be DISMISSED WITH PREJUDICE.
2. The Clerk of the Court be directed to enter judgment accordingly.

Dated this 30th day of November, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The

parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4 of the Local Rules of Practice.